Cox, Castle & Nicholson LLP
Peter H. Weiner (State Bar No. 48844)
pweiner@coxcastle.com
Robert D. Infelise (State Bar No. 93876)
rinfelise@coxcastle.com
50 California Street, 32nd Floor
San Francisco, California 94111-4710
Telephone: (415) 262-5100
Facsimile: (415) 262-5199

Ira J. Klein (State Bar No. 273722)
iklein@coxcastle.com
Brady Witbeck (State Bar No. 324289)
bwitbeck@coxcastle.com
2029 Century Park East, 21st Floor
Los Angeles, California 90067-3284
Telephone: (310) 284-2200
Facsimile: (310) 284-2100

Attorneys for the defendant,
The Boeing Company

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES WATERKEEPER**, *etc.*,

Plaintiff,

v.

**THE BOEING COMPANY**, a California corporation,

Defendant.

**Case No. 2:25-cv-12285-SB-MAR**

Assigned for all purposes to:
Hon. Stanley Blumenfeld Jr.,
Courtroom 6C

**DISCOVERY MATTER**
**~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER**

WHEREAS Los Angeles Waterkeeper and The Boeing Corporation (collectively referred to as the "Parties") in the action pending in the United States District Court for the Central District of California entitled *Los Angeles Waterkeeper v. The Boeing Company*, Case No. 2:25-cv-12285-SB-MAR, anticipate that documents and/or information of a sensitive, private, and confidential nature may be responsive to discovery or produced in the course of discovery or otherwise disclosed or provided, and the Parties wish to protect the confidentiality of such documents or information while ensuring that discovery may be pursued with a minimum of delay and expense.

NOW THEREFORE, the Parties hereby stipulate and agree to the following proposed Protective Order:

## I. GOOD CAUSE STATEMENT

This action is likely to involve the identification of confidential and proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, information implicating privacy rights of third parties, information otherwise generally unavailable to the public, non-public financial information or information which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure the Parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as

confidential for tactical reasons and that nothing will be so designated without a good-faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**II. SCOPE**

A. The protection of this Order may be invoked with respect to any documents, testimony, information and things (collectively "materials") produced or created in this action containing "Confidential Information," as defined in Section III.A below.

B. As set forth below, materials containing Confidential Information may be designated as "confidential" and such materials are referred to throughout this Order as "Designated Material." Such designations may be made by any Party or non-party (collectively referred to as the "Designating Party") producing the information or materials in this action who determines, in good faith, that material produced by a non-party contains Confidential Information.

C. In the event additional parties are named in this litigation, they shall not have access to Designated Material until they have executed a copy of Exhibit A to this Order and, at the request of any Party, filed the executed copy of Exhibit A with the Court.

**III. DESIGNATION OF MATERIALS AS CONFIDENTIAL**

A. "Confidential Information" means information, documents, testimony, transcripts, things or other materials, regardless of medium or format, that the Designating Party in good faith contends should be protected pursuant to this Order on the grounds the information constitutes (i) a trade secret as defined under law; (ii) confidential business and/or proprietary information, the disclosure of which might adversely affect or prejudice business or competitive position of the Designating Party or any of its present or past subsidiaries, affiliated companies, or divisions, within their trade or business; (iii) non-public financial information

related to a Designating Party or any of its present or past subsidiaries, affiliated companies or divisions; (iv) non-public information which a Designating Party is under an obligation to any other person to maintain in confidence; or (v) any information otherwise protected from disclosure by the applicable Federal Rules of Civil Procedure or Evidence.

B. The protections afforded by this Order may be invoked with respect to materials in the following manner:

1. When produced, Confidential Material shall bear the clear and legible designation "Confidential" on each page, except that in the case of multi-page documents bound together by staple or other permanent binding, the "Confidential" legend need only be affixed to the first page in order for the entire document to be treated as "Confidential."

2. Documents produced prior to the entry of this Order may be designated as "Confidential" within thirty (30) days after entry, and documents produced by non-parties may be designated "Confidential" by a Party within thirty (30) days after such production.

3. As to responses to interrogatories or requests for production of document, the pages containing "Confidential Materials" shall be so marked, and the first page responses shall bear the legend, "This Document Contains Confidential Material."

4. As to deposition testimony, "Confidential" treatment may be invoked by: (i) stating on the record that testimony includes, or may include, Confidential Information and instructing the court reporter to include on the first page of the transcript "Contains Confidential Information;" or (ii) designating specific pages as "Contains Confidential Information" and notifying the Parties of such designations within thirty (30) days of receipt of the transcript of the

deposition in which the designations are made. Until expiration of the thirty (30)-day designation period, all deposition testimony shall be treated as "Confidential."

5. Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

## IV. DESIGNATION CHALLENGES

Any Party believing that material designated as "Confidential" is not entitled to such designation ("Challenging Party") will initiate the dispute resolution process under Local Rule 37.1 et seq. The Challenging Party shall notify the Designating Party of that belief in writing and provide a brief statement of the basis for that belief, including legal authority, and shall request a conference, with service on all other Parties. The Designating Party agrees to meet with the Challenging within ten days after such notice. If a Designating Party does not modify its designation of the materials or the Parties otherwise resolve the dispute after

dispute resolution, the Challenging Party may move to seek an order removing the designation.

The burden of persuasion in any such challenge proceeding will be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**V. DISCLOSURE OF "CONFIDENTIAL" MATERIAL**

A. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a receiving Party may disclose material designated "Confidential" only to the following persons, and only to the extent reasonably necessary for this action:

1. The Parties' counsel of record and employees of such counsel to whom disclosure is reasonably necessary for this action; provided that each such lawyer and employees shall affirm their agreement to be bound by the terms of this Order by completing and signing a copy of Exhibit A;

2. The Parties' in-house counsel and employees of such counsel to whom disclosure is reasonably necessary for this action; provided that each such lawyer and employee shall affirm their agreement to be bound by the terms of this Order by completing and signing a copy of Exhibit A;

3. Experts or consultants retained by the Parties or counsel for the Parties, to assist in this action, including employees of such experts or consultants to whom disclosure is reasonably necessary for this action; provided that each such expert, consultant or employee of an expert or consultant shall affirm their

agreement to be bound by the terms of this Order by completing and signing a copy of Exhibit A;

4. The Court and its personnel;

5. Court reporters, videographers, and their staff retained to record testimony in the action;

6. Professional vendors, and their employees, retained by counsel of record for a Party to assist in this action, including litigation-support vendors, e-discovery vendors, copying vendors, graphics or trial-support vendors, translators, and document-management vendors, to the extent that disclosure is reasonably necessary for this action; provided that each such vendor and each individual employee of such vendor to whom disclosure is reasonably necessary for this action shall affirm their agreement to be bound by the terms of this Order by completing and signing a copy of Exhibit A;

7. Court appointed mediators and settlement officers, and their necessary staff, to whom disclosure is reasonably necessary to facilitate settlement discussions in this action (privately engaged mediators and settlement officers, and their necessary staff, must complete and sign a copy of Exhibit A); and

8. Any person called to testify as a witness either at a deposition or a proceeding before the Court, but only to the extent necessary for the purpose of assisting in the preparation or examination of the witness, and also only if such persons affirm their agreement to be bound by the terms of this Order by completing and signing a copy of Exhibit A, and are required not to retain or disclose material designated “Confidential.”

B. Prior to disclosing or displaying any Designated Material to any person other than the Court, court reports, videographers, and their staff retained to record testimony in the action, a Party’s counsel of record shall (i) inform the person of the confidential nature of the Designated Material and that the Court has

enjoined the use of the Designated Material for any purpose other than this litigation and (ii) cause the person to complete and sign Exhibit A.

C. A person having custody of Designated Material shall maintain it in a manner that limits access to persons permitted such access under this Order.

D. Each Party's counsel of record shall maintain a collection of all copies of Exhibit A the completed and signed documents by which persons have agreed to be bound by this Order and shall make copies of them available for the Court's in camera review upon reasonable request.

**VI. DEPOSITIONS**

A. For depositions of designated experts, the only people who may be present are (i) the expert whose deposition will be taken; (ii) the court reporter and videographer; (iii) the Parties' counsel of record, co-counsel, clerks, or interns; (iv) the designated expert for the party taking the deposition; and (v) the Parties' in-house counsel. Everyone in attendance at any deposition taken in this action must affirm their agreement to be bound by the terms of this Order by completing and signing a copy of Exhibit A.

B. For all other depositions, the only people who may be present are (i) the deponent and, if the deponent is represented by a lawyer other than the Parties' counsel of record, the deponent's counsel, (ii) the court reporter and videographer, (iii) the Parties' counsel of record, co-counsel, clerks or interns, and (iv) the Parties' in-house counsel. Everyone in attendance at any deposition taken in this action must affirm their agreement to be bound by the terms of this Order by completing and signing a copy of Exhibit A.

C. Any deposition notice for a deposition that will address Designated Material will provide notice of such.

D. Where there is a reasonable likelihood that the witness in any deposition may rely on or may disclose Designated Material, counsel for the party

producing the witness shall provide notice at least 3 business days before the noticed deposition date.

**VII. USE IN PROCEEDINGS**

A. This Order governs the handling of Designated Material during discovery and pretrial proceedings but does not itself determine whether Designated Material may be introduced, disclosed, sealed, redacted or otherwise protected at a hearing or trial. A Party intending to use or disclose Designated Material at any hearing or at trial shall provide notice to the Designating Party at least thirty (30) calendar days prior to the hearing or trial. The Parties shall meet and confer in good faith regarding appropriate procedures to protect the Designated Material, including redactions, sealing, use of summary exhibits, limited disclosure and excluding unauthorized persons. Nothing in this Order restricts the Court's authority to determine whether, and under what conditions, Designated Material may be used at any hearing or at trial.

B. Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**VIII. PROHIBITION ON NON-LITIGATION USE**

No Party or person authorized to receive Designated Material pursuant to Section V, above, may use, disclose, quote, summarize, characterize, describe, or rely on Designated Material, directly or indirectly, for any purpose other than for use in this action. This prohibition includes, but is not limited to, the use or disclosure of Designated Material in or for any press release, public statement, website posting, social media post, newsletter, fundraising communication, donor

communication, public report, advocacy campaign, regulatory submission, agency complaint, legislative communication, administrative proceeding, other litigation, or communication with any person not authorized to receive such materials under this Order, except by Court order.

## IX. SECURE HANDLING OF DESIGNATED MATERIAL

A Party receiving Designated Material shall store and maintain the Designated Material in a secure manner reasonably designed to ensure that access is limited to persons authorized under this Order. Designated Material shall not be uploaded, submitted, or disclosed (in whole, in part, or in summary) to any generative artificial intelligence tool, large language model, automated document-analysis platform, or similar technology unless the tool or platform is maintained in a secure environment controlled by outside counsel of record for a Party or a professional vendor retained for this action, does not use the material to train public or third-party models, and does not permit access to the material by unauthorized persons. Designated Material shall not be posted on any public or publicly accessible (i) website, (ii) social media platform, (iii) file-sharing site, or (iv) other public repository.

## X. INADVERTENT FAILURE TO DESIGNATE AS CONFIDENTIAL

The inadvertent and/or unintentional failure to designate any information as Confidential in accordance with this Order shall not be deemed a waiver in whole, or in part, of a Party's claim of confidentiality. In the event of the disclosure of such information, the information shall be designated as Confidential Information by the Party as soon as reasonably possible after the Party becomes aware of the disclosure and such information shall thereafter be treated as Confidential Information subject to this Order. The Designating Party shall forward appropriately stamped copies of the items in question. Within five (5) days of the receipt of substitute copies, the Receiving Party shall return the previously unmarked items and all copies thereof.

No liability shall attach to any Party's disclosure of such information from the time of receipt of the information until such time as the Party properly designates it as Confidential Information.

## XI. INADVERTENT DISCLOSURE OF PRIVILEGED DOCUMENTS OR INFORMATION

A. An "Inadvertently Produced Document" is a document produced to a Party that could have been withheld, in whole or in part, based on a legitimate claim of attorney-client privilege, work-product protection or other privilege.

B. Pursuant to Federal Rule of Evidence 502, the inclusion of any Inadvertently Produced Document in a production shall not result in the waiver of any privilege or protection associated with such document, nor result in a subject matter waiver of any kind.

C. A Party producing any Inadvertently Produced Document may demand its return, which demand shall be made to the Party's counsel of record in writing and shall contain information sufficient to identify the Inadvertently Produced Document. In addition, a Party which determines that it may have received an Inadvertently Produced Document shall immediately notify the producing Party of the inadvertent disclosure. The producing Party may then provide notice of the inadvertent disclosure to the Receiving Party. When the Party producing the documents gives notice to Party receiving the documents that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Party receiving the documents are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

## XII. INADVERTENT DISCLOSURE OF MATERIALS BEYOND THE SCOPE OF DISCOVERY

A producing Party may demand the return of any materials it inadvertently and/or unintentionally produced if those materials are beyond the scope of

discovery established by Federal Rule of Civil Procedure 26(b). That demand shall be made to the receiving Party's counsel of record in writing and shall contain sufficient information to identify the materials. If the receiving Party disputes that the materials are beyond the scope of discovery, the receiving Party shall promptly sequester the materials and shall not use or further disclose them pending resolution of the dispute. The receiving Party shall not be obligated to return those materials unless and until the Parties reach agreement or the court orders their return, pursuant to the procedures set forth below.

The Parties shall meet and confer in good faith to attempt to resolve the dispute. If the dispute cannot be resolved informally, the Party that produced the materials may file an appropriate motion with the Court.

**XIII. PARTIES' OWN DOCUMENTS**

Notwithstanding any other provision, this Order shall in no way restrict the Parties in their use of their own documents and information, and nothing in this Order shall preclude any Party from voluntarily disclosing its own documents or information.

**XIV. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must: (a) promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification will include a copy of this Stipulated Protective Order; and (c) cooperate with respect to all reasonable

procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**XV. RETURN/DESTRUCTION OF DESIGNATED MATERIAL**

Within sixty (60) days after final disposition of this action, including all appeals, each Party shall, at the election of the Designating Party, return or destroy all Designated Material, including copies, excerpts, summaries, and compilations thereof, except as provided below.

Counsel of record for a Party may retain one (1) archival copy of pleadings, motion papers, briefs, declarations, exhibits, deposition and hearing transcripts, expert reports, attorney work product, correspondence, discovery responses, and court filings that contain or reflect Designated Material. Any such archival material shall remain subject to this Order.

Counsel of record for a Party need not destroy or alter attorney work product, litigation databases, backup media, email archives, or document-management systems that are maintained for legal or ethical purposes, provided that such materials remain subject to this Order and are not accessed or used except as permitted by this Order or applicable law.

///

///

Upon request, counsel for the Party in possession of Designated Material shall certify in writing that reasonable steps have been taken to return or destroy Designated Material in accordance with this section.

**XVI. NO IMPLIED WAIVERS**

The entry of this Order shall not be interpreted as a waiver of the right to object, under applicable law, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities. Parties producing Confidential Information are doing so only pursuant to the terms of this Order. Neither the agreement to, or the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other actions.

**XVII. NO ADMISSION**

Neither this Order nor the designation of any item as Confidential Information shall be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding.

**XVIII. NO EFFECT ON OTHER RIGHTS**

This Order shall in no way abrogate or diminish any pre-existing contractual, statutory, or other legal obligations or rights of any Party with respect to Confidential Information.

**XIX. MODIFICATION**

Nothing in this Order shall preclude any Party from applying to the Court to modify this Order to provide for additional safeguards to ensure the confidentiality of materials produced in this action or otherwise modify this Order for good cause shown.

///

## XX. RETENTION OF JURISDICTION

The Court shall retain jurisdiction over all persons to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out its terms.

October 6, 2026

Cox, Castle & Nicholson LLP

By: /s/ Robert D. Infelise
Robert D. Infelise
Attorney for the defendant,
The Boeing Company

October 6, 2026

AQUA TERRA AERIS LAW GROUP

By: */s/ Erica A. Maharg*
Erica A. Maharg
Attorney for Plaintiff,
Los Angeles Waterkeeper

**IT IS SO ORDERED.**

Dated: October 23, 2026

Hon. Margo A. Rocconi
United States Magistrate Judge

**EXHIBIT "A"**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, __________________________ [**full name**], of __________________ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Central District of California on ______________ [**date**] in the case of *Los Angeles Waterkeeper v. The Boeing Company,* Case No. 2:25-cv-12285-SB-MAR.

I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including contempt.

I solemnly promise that I will not disclose, use, summarize, characterize, quote, publish, or communicate in any manner any information or item designated as "Designated Material" consistent with the Protective Order except in strict compliance with the Order and solely for purposes of this action. I understand that I may not use Designated Material for any business, commercial, competitive, advocacy, media, public-relations, fundraising, regulatory, administrative, legislative, political, or other litigation purpose.

[IF APPLICABLE] I agree that I am an assigned representative for ______________________ [firm or organization] and that the organization is subject to the Protective Order and agrees to be bound by all the terms of the Protective Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint ______________________ [**full name**] of ________________________________ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ________________________________

City and State where signed: ______________________________

Printed name: ___________________________

Signature: ______________________________